IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KANSAS JUDICIAL WATCH,
*et al.,*

                    Plaintiffs,

v.                                          Case No.   06-4056-JAR

MIKEL L. STOUT, *et al.*,

                    Defendants.

## ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE VERIFIED AMENDED COMPLAINT

This matter comes before the court upon plaintiffs' Motion for Leave to File Verified

Amended Complaint (Doc. 73).  Specifically, plaintiffs seek to add a new plaintiff, the

Honorable Eric R. Yost, and additional claims on his behalf. The defendants have filed a

response to plaintiffs' motion (Doc. 91) and plaintiffs have file a reply (Doc. 92).  Therefore, the

Court deems this matter ripe for disposition.

**I.**        **Relevant Factual Background**

Plaintiffs commenced this action in the United States District Court for the District of

Kansas on May 24, 2006.  In their complaint, plaintiffs allege a cause of action under Section I

of the Civil Rights Act of 1871, 17 Stat. 13, 42 U.S.C. § 1983, and the First and Fourteenth

Amendments to the Constitution of the United States.  Specifically, plaintiffs allege that Canons

5A(3)(d)(i) and (ii), 3E(1), 5C(2), and 5A(1)(e) violate their First and Fourteenth Amendment

rights.  Plaintiffs further allege that the Kansas Judicial Qualifications Commission's

enforcement policy of Canon 5A(3)(d)(i) and (ii) as contained in the Kansas Judicial Ethics

Opinions JE 100 and 139 and the Commission's enforcement policy of 5C(2) as contained in

Opinions JE 100 and 117 violate their First and Fourteenth Amendment rights.  Plaintiffs also

filed a Motion for Preliminary Injunction to enjoin defendants to initiate disciplinary

proceedings under Canons 5A(3)(d)(i) and (ii), 3E(1), and 5C(2) until there has been a final

decision on the merits.  This court granted in part a preliminary injunction as to Canons

5A(3)(d)(i) and (ii), and 5C(2).  Defendants filed a notice of appeal to the order granting in part a

preliminary injunction.  That appeal is currently pending.

## II.     Parties Contentions

Plaintiffs seek to add the Honorable Eric R. Yost as additional plaintiff and add two new

causes of action pursuant to Fed. R. Civ. P. 15 and District of Kansas Local Rules 7.1 and 15.1.[1]

Plaintiffs assert that there are "minor ministerial and minor substantive changes . . . made to the

original Verified Complaint."[2]  Plaintiffs argue that the new causes of action brought by the

additional plaintiff are related to the claims for relief already before the Court in this case and it

would be more efficient to allow the new plaintiff and his causes of action to be joined in this

case.[3]

Defendants object to plaintiffs motion principally on three grounds.  Initially, defendants

argue that the amendment to the original complaint will cause undue prejudice against

defendants because it is proposed at a late point in the case, it seeks to add new causes of actions

which will change the scope of the litigation and it will further complicate the litigation.[4]

Second, defendants contend this court does not have jurisdiction to act on this request

---

[1]Plaintiffs' Motion For Leave to File Verified Amended Complaint (Doc. 73).

[2]*Id.* at 2.

[3]*Id.* at 4.

[4]Defendants' Response in Opposition to Plaintiffs' Motion for Leave to File Amended Complaint (Doc. 91) at 5-8.

because of the appeal currently in progress.  Defendants argue that the properly filed notice of

appeal "immediately divests this court of jurisdiction over all but collateral matters" and this

motion to amend is not collateral.[5]

Finally, defendants contend that this motion to amend is dilatory and plaintiffs have no

adequate explanation for the delay.  Defendants argue that a substantial part of the proceedings

have taken place and there are issues on appeal therefore the amendment is too late.[6]  Defendants

further argue that plaintiffs have not indicated any reason why the motion to amend is filed at

this late date and, therefore, causes undue delay.[7]

## III.   Discussion

Because plaintiffs seek to join an additional plaintiff and assert additional claims, the

Court must analyze plaintiffs' motion in relation to subject matter jurisdiction pursuant to 28

U.S.C. § 1331, the rules for joinder of parties, and the rules for amendment of pleadings.[8]

**A. Whether Subject Matter Jurisdiction exists pursuant to 28 U.S.C. § 1331**.

Plaintiffs seek to add the Honorable Eric R. Yost as a plaintiff and additional claims

arising under the First and Fourteenth Amendments to the Constitution of the United States.

Plaintiffs claim that jurisdiction is founded upon 28 U.S.C. § 1331 which provides: "The district

courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or

---

[5]*Id.* at 8-9.

[6]*Id.* at 9.

[7]*Id.*

[8]The parties do not dispute the propriety of joining Judge Yost as additional plaintiff.
Upon reviewing the parties' briefing, the court finds that joinder of Judge Yost would be propoer
under Fed. R. Civ. P. 20(a).

treaties of the United States."

Defendants do not dispute jurisdiction pursuant to 28 U.S.C. § 1331 to the proposed additional claims brought by the proposed additional plaintiff.  Rather, defendants contend that this court lacks jurisdiction to rule on this motion to amend due to the pending appeal. Defendants cite to several cases for this proposition and specifically to *Burke v. Utah Transit Auth. & Local 382*, No. 05-4079, 2006 WL 2522491, *9 (10th Cir. Sept. 1, 2006) and contend that the notice of appeal in the instant case "immediately divests this court of jurisdiction over all but collateral matters" and any subsequent action by this court is null and void.[9]

The court finds *Burke* and defendants' additional cases to be distinguishable from the instant matter. *Burke,* as well as defendants' additional cases, involved appeals from final orders or judgments that disposed of the cases in their entirety.[10]  Conversely, the instant matter involves a narrow interlocutory appeal from an order granting in part plaintiffs' motion for preliminary injunction.

Unlike the cases to which defendants cite, the current case involves the question of whether this court has jurisdiction to rule on plaintiffs' motion to amend their complaint while a narrow interlocutory appeal is pending.  Although jurisdiction is typically transferred from the district court to the court of appeals once an effective notice of appeal is filed, "the transfer

---

[9]Defendants' Response in Opposition to Plaintiffs' Motion for Leave to File Amended Complaint (Doc. 91) at 8.

[10]*See generally Burke,* No. 05-4079, 2006 WL 2522491 at *9 (the district court lacked jurisdiction to rule on motion to amend once appealed from the order granting summary judgment dismissing the case was filed); *see also Garcia v. Burlington N. R.R. Co.,* 818 F.2d 713 (10th Cir. 1987) (the district court lacked jurisdiction to amend its order granting prejudgment interest when a timely notice of appeal was filed after judgment was entered following verdict).

affects only those aspects of the case involved in the appeal."[11]

In this case, the notice of appeal is limited specifically to the memorandum and order

granting in part a preliminary injunction against defendants.[12]  As a result, this court finds that

the current motion to amend is not involved in the interlocutory appeal regarding the preliminary

injunction and, therefore, this court has jurisdiction to rule on the merits of the motion.

**B. Whether amendment is proper.**

The procedure for amending pleadings is controlled by Fed. R. Civ. P. 15, which states in

pertinent part that

> "[a] party may amend the party's pleading once as a matter of course at any time
> before a responsive pleading is served...Otherwise, a party may amend the party's
> pleading only by leave of court or by written consent of the adverse party; and
> leave shall be freely given when justice so requires."[13]

Plaintiffs seek to amend their complaint after the permissive period, and defendants have

filed a response in opposition to plaintiffs' motion (Doc. 91).  Thus, consent is not an issue.  It

therefore falls to the court to determine if leave to amend should be granted under the

circumstances presented.

The decision to grant leave to amend after the permissive period lies within the discretion

of the trial court.[14]   Refusing leave to amend is generally only justified upon a showing of undue

[11]*Howard v. Mail-Well Envelope Co.,* 150 F.3d 1227, 1229 (10th Cir. 1998) (citing *Stewart v. Donges,* 915 F.2d 572 (10th Cir. 1990)) ("Thus, when an appeal is taken from a limited interlocutory ruling, as opposed to one that affects the litigation as a whole, the district court may proceed with the case.").

[12]Defendants' Notice of Appeal (Doc. 59).

[13]Fed. R. Civ. P. 15(a).

[14] *Stewart v. Brd. of Comm'rs for Shawnee County, Kan.*, 216 F.R.D. 662, 664 (D. Kan. 2003).

delay, undue prejudice to the opposing party, bad faith, or futility of amendment.[15]

Although the court finds that plaintiffs have not unduly delayed these proceedings in seeking their instant motion to amend, the court finds that permitting amendment is nonetheless inappropriate.  Specifically, the court finds that permitting amendment at this juncture would unduly prejudice the defendants.  The court notes that the instant case was filed on May 24, 2006 – nearly five months ago.  Additionally, while plaintiffs contend that "efficient judicial administration strongly favor simply permitting amendment," the court finds the contrary to be true under the circumstances of this case.  That is to say, the court finds that permitting amendment would not favor efficient judicial administration of these proceedings and would instead interject new issues and considerable additional delay into these already complex and lengthy proceedings.  Therefore, the court finds that amendment is inappropriate under these circumstances and shall deny plaintiffs' motion.

As a final matter, the court notes that proposed plaintiff Eric R. Yost will not be prejudiced by the court's decision to deny plaintiffs' motion.  The court notes that proposed plaintiff Eric R. Yost may bring his claims against defendants by filing a separate lawsuit alleging the claims set forth in his proposed amended complaint.

Therefore, the court, upon a full review, finds that plaintiffs' motion to amend should be denied.  Accordingly,

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to File Verified Amended Complaint (Doc. 73) is hereby denied.

**IT IS SO ORDERED.**

---

[15] *Id.*

Dated this 23rd day of October, 2006, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge