ams
# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KANSAS JUDICIAL REVIEW, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 06-4056-JAR |
| ) | |
| MIKEL L. STOUT, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Before the Court are plaintiffs' Motion for Attorney Fees (Doc. 114) and Second Motion for Attorney Fees (Doc. 116). The motions are fully briefed and the Court is prepared to rule. As set forth below, the Court denies plaintiffs' motions.

*Background*

Plaintiffs Kansas Judicial Review ("KJR"),[1] the Honorable Charles M. Hart, and Robb Rumsey filed this action on May 24, 2006. Plaintiffs asserted claims under 42 U.S.C. § 1983, challenging various canons of the Kansas Supreme Court's Rules of Judicial Conduct on their face and as-applied and enforced.

First, plaintiffs challenged Canon 5A(3)(d)(i) and (ii), referred to as the "pledges and promises clause" and "commit" clause. They argued that these clauses were unconstitutionally overbroad and vague on their face and as applied to the KJR Questionnaire.

Plaintiffs further argued that Canon 3E(1), the "recusal canon," was unconstitutional as

---

[1]KJR is a political action committee that is not associated with any political candidate, party, or campaign committee. KJR gathered information and published questionnaires about judicial candidates. KJR intended to publish responses to its 2006 Judicial Candidate Questionnaire ("Questionnaire") of judicial candidates before the primary election on August 1, 2006 and declared its intention to do so in future elections, as well.

applied to the KJR Questionnaire because it chills speech by subjecting judges to discipline for announcing their views on disputed legal and political issues.

Plaintiffs made the following claims regarding Canon 5C(2), the "solicitation of publicly-stated support" clause: (1) The clause is unconstitutionally vague and overbroad on its face and prohibits and chills plaintiffs' freedom of speech and association; (2) the Commission's enforcement policy of this clause, as expressed in Advisory Opinion JE 100, unconstitutionally chills and prohibits plaintiffs' freedom of speech and association; (3) the Commission's enforcement policy of this clause as expressed in JE 117 unconstitutionally chills and prohibits the freedom of speech and association of Judge Hart; (4) the clause unconstitutionally prohibits and chills plaintiffs' freedom of speech and association as applied to the Questionnaire; and (5) the clause unconstitutionally prohibits and chills plaintiffs' freedom of speech and association as applied to the Nomination Petitions for which Judge Hart sought to personally solicit signatures.

Plaintiffs sought declaratory judgments that these provisions are unconstitutional on their face, as applied, and as enforced. Plaintiffs also asked the Court, by way of preliminary and permanent injunction, to prohibit defendants from enforcing these Canons and from filing or considering complaints based on these Canons against judicial candidates who respond to the Questionnaire or solicit signatures for nominating petitions. Defendants argued that the case was not justiciable on several grounds and opposed the issuance of a preliminary injunction on the merits.

This Court held an evidentiary hearing on plaintiffs' motion for preliminary injunction and heard oral argument on June 28, 2006. On July 19, 2006, the Court entered a Memorandum and Order granting in part and denying in part plaintiffs' motion for preliminary injunction (Doc.

51). The Court found that the case was justiciable, as plaintiffs had standing, the case was ripe, and the Court declined to abstain. The Court granted the motion for preliminary injunction with respect to Canon 5A(3)(d)(i) and (ii) (pledges and promises and commit clauses) and 5C(2) (solicitation of publicly stated support clause), and denied the motion with respect to Canon 3E(1) (recusal canon). The Court enjoined and prohibited defendants from enforcing the subject canons, Kan. S. Ct. R. 601A, Canon 5A(3)(d)(i) and (ii) and Canon 5C(2), against any candidate for judicial office, including an incumbent judge.

Defendants filed an interlocutory appeal of the Court's decision granting the preliminary injunction and the Court stayed the case pending a decision on appeal.[2] On March 12, 2008, the Tenth Circuit issued an opinion finding that "plaintiffs' claims rest on sufficiently novel and determinative questions of state law that certification is warranted. In order to adjudicate plaintiffs' constitutional claims, we must determine the scope and meaning of the three state canons at issue."[3] The court certified five questions to the Kansas Supreme Court.[4]

On December 5, 2008, the Kansas Supreme Court issued an opinion that answered the certified questions and construed the judicial canons as they existed at the time the opinion was filed.[5] In January 2009, the Kansas Supreme Court amended the judicial code by adopting Rule

---

[2]There was no cross-appeal of the Court's denial of the motion for preliminary injunction on the recusal canon.

[3]*Kansas Judicial Review v. Stout*, 519 F.3d 1107, 1120 (10th Cir. 2008).

[4]*Id.* at 1122.

[5]*Kansas Judicial Review v. Stout*, 196 P.3d 1162, 1171 (Kan. 2008) (acknowledging the Commission's recommended amendments to the Kansas Code of Judicial Conduct and explaining that its decision is based on "our present Code of Judicial Conduct.").

601B.[6] This rule eliminated the publicly-stated support clause in Canon 5C(2) and narrowed the language and scope of the pledges and promises and commit clauses.

On April 17, 2009, the Tenth Circuit dismissed the appeal, vacating the preliminary injunction and remanding to this Court for dismissal.[7] The court found that the case became moot on appeal due to the intervening amendment to the judicial canons. The Tenth Circuit applied the general rule that "repeal of a challenged statute causes a case to become moot because it extinguishes the plaintiff's legally cognizable interest in the outcome, rendering any remedial action by the court ineffectual."[8] In accordance with the Tenth Circuit's mandate, this Court dismissed this action on June 1, 2009.

*Discussion*

Plaintiffs filed their initial motion for attorney fees on June 12, 2009, claiming to be prevailing parties pursuant to 42 U.S.C. § 1988 based on the preliminary injunction this Court issued on June 28, 2006. They requested $213,613.32 in attorney fees and expenses for lead counsel and $2500 for local counsel. Defendants responded, arguing that plaintiffs are not prevailing parties under the statute.

Plaintiffs filed a renewed motion for attorney fees on July 13, 2009, this time attaching supporting documents and affidavits to support their claim for attorney fees. The renewed motion seeks attorney fees and expenses in the amount of $182,319.42 for lead counsel and $2527.33 for local counsel. Defendants again responded, opposing the motion on the same

---

[6]Kan. Sup. Ct. R. 601(B) (2009) (effective Mar. 1, 2009).

[7]*Kansas Judicial Review v. Stout*, 562 F.3d 1240 (10th Cir. 2009).

[8]*Id.* at 1246 (citing *Citizens for Responsible Gov't State Political Action Comm. v. Davidson*, 236 F.3d 1174, 1182 (10th Cir. 2000)).

basis.

In this district, motions for statutory attorney's fees are governed by both Fed. R. Civ. P. 54 and D. Kan. R. 54.2. Pursuant to local rule,

> The court will not consider a motion to award statutory attorney's fees made pursuant to Fed. R. Civ. P. 54(d)(2) until the moving party shall have first advised the court in writing that after consultation promptly initiated by the moving party, the parties have been unable to reach an agreement with regard to the fee award. The statement of consultation shall set forth the date of the consultation, the names of those who participated, and the specific results achieved.

Plaintiffs failed to file a statement of consultation before filing either motion for attorney's fees. For this reason, the Court may decline to consider plaintiffs' motions. But defendants do contend in their responses that counsel consulted about the basis for the attorney fees request on June 22, 2009. While this does not conform to the requirements set forth in the local rule, the Court proceeds to consider plaintiffs' motion because it intends to rule on the issue of entitlement only.

In an action under 42 U.S.C. § 1983, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee."[9] The United States Supreme Court has discussed in several opinions what constitutes a prevailing party for purposes of fee shifting statutes. "The touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute."[10] "Prevailing party status, we hold, does not attend achievement of a preliminary injunction that is reversed, dissolved, or otherwise undone by the final decision in

---

[9] 42 U.S.C. § 1988(b).

[10] *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792–93 (1989).

the same case."[11]  But, in *Sole*, the Court explicitly declined to consider whether, "in the absence of a final decision on the merits of a claim for permanent injunctive relief, success in gaining a preliminary injunction may sometimes warrant an award of counsel fees."[12]  And prevailing party status does not apply to "a party that has failed to secure a judgment on the merits or a court-ordered consent decree, but has nonetheless achieved the desired result because the lawsuit brought about a voluntary change in the defendant's conduct."[13]

Plaintiffs set forth the basis for their fee request for the first time in the reply memorandum to their renewed motion, filed on August 7, 2009.  In this filing, they argue that they are prevailing parties because the Tenth Circuit's order vacating the preliminary injunction does not trigger application of *Sole* since plaintiffs received some relief on the merits of their claim, as they were allowed to publish the results of the KJR Questionnaire prior to the general election without fear of enforcement action and there was no subsequent decision on the merits of the preliminary injunction.  Therefore, plaintiffs urge that the preliminary injunction in this case "was not undone by a final decision on the merits," as in *Sole*.

In *Biodiversity Conservation Alliance*, the Tenth Circuit discussed its pre-*Sole* and *Buckhannon* decision in *Dahlem v. Board of Education of Denver Public Schools*.[14]  In *Dahlem*, a male high school student filed suit under 42 U.S.C. § 1983, challenging a Colorado High School Activities Association rule that prohibited boys from joining girls' athletic teams.  The

---

[11]*Sole v. Wyner*, 551 U.S. 74, 82 (2007).

[12]*Id.* at 86.

[13]*Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 600 (2001); *see also Biodiversity Conservation Alliance v. Stem*, 519 F.3d 1226, 1229 (10th Cir. 2008).

[14]901 F.2d 1508 (10th Cir. 1990).

6

plaintiff sought to participate in high school gymnastics, but the high school only had a girls' gymnastics team.[15] The district court granted the plaintiff's motion for preliminary injunction, allowing him to participate on the gymnastics team, but the case was ultimately found to be moot when the plaintiff graduated from high school.[16] The Tenth Circuit held that "a party which achieves the objective of its suit by means of an injunction issued by the district court is a prevailing party in that court, notwithstanding the fact that the case becomes moot, through no acquiescence by the defendant, while the order is on appeal."[17] The Tenth Circuit explained in *Biodiversity Conservation Alliance*, that "if *Dahlem* is still good law, it at best stands for the proposition that a preliminary injunction cannot serve as the basis for attorney fees if it does not meet the stringent standards set forth in *Texas State Teachers Association* and *Hewitt*."[18]

In discussing the preliminary injunction standard in its June 28, 2006 Memorandum and Order, the Court explained that plaintiffs' motion asked "that the status quo be preserved by prohibiting potentially unconstitutional enforcement of the canons until the case can be decided on the merits." And "because plaintiffs seek declaratory relief, the injunction would not provide all of the relief sought at the conclusion of a trial on the merits." Defendants admitted that there was no disciplinary proceeding pending against a judicial candidate or judge under the challenged canons. For these reasons, the Court declined to find that plaintiffs sought a

---

[15]*Id.* at 1510.

[16]*Id.*

[17]*Id.* at 1512.

[18]*Biodiversity Conservation Alliance*, 519 F.3d at 1232 (citing *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792–93 (1989); *Hewitt v. Helms*, 482 U.S. 755, 760 (1987)).

7

disfavored injunction.[19] And the Tenth Circuit, in finding the case moot, emphasized that there had been no "official adjudication that Hart or Rumsey violated the old canons; quite to the contrary, enforcement of the Clauses was enjoined *before* they were applied against the plaintiffs."[20] The primary relief sought by plaintiffs was declaratory relief. While plaintiffs succeeded in preserving the status quo—no disciplinary action for answering the questionnaire and for soliciting publicly-stated support—they did not succeed in obtaining relief on the merits. Plaintiffs did not merely seek an injunction that allows them to answer and distribute the questionnaire and solicit publicly-stated support in the 2006 primary election. They sought declarations that the judicial canons at issue were unconstitutional both on their face and as applied to the questionnaire and petitions, in 2006 and beyond. Under these circumstances, the Court does not find that the legal relationship between the parties was materially altered by the preliminary injunction.

The Court finds that plaintiffs are not prevailing parties under 42 U.S.C. § 1988(b) and, therefore, are not entitled to an award of attorney fees. While plaintiffs obtained a preliminary injunction in this matter, the preliminary injunction applied to judicial canons that have since been amended, rendering the case moot. Neither the fact that the canons were amended, nor the fact that plaintiffs obtained a preliminary injunction suffice to qualify them as prevailing parties under the statute.

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiffs' Motion for

---

[19]If an injunction is disfavored, it "must be more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course. Furthermore . . . movants seeking such an injunction are not entitled to rely on this Circuit's modified-likelihood-of-success-on-the-merits standard." *O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 389 F.3d 973, 975–76 (10th Cir. 2004) (per curiam), *aff'd*, 546 S. Ct. 418 (2006).

[20]562 F.3d at 1248.

Attorney Fees (Doc. 114) and Second Motion for Attorney Fees (Doc. 116) are **denied**.

**IT IS SO ORDERED.**

Dated:  November 19, 2009

 S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE