ams
# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

KANSAS JUDICIAL WATCH, *et al.*, )
)
                 Plaintiffs, )
)
vs. )   Case No. 06-4056-JAR
)
MIKEL L. STOUT, *et al.*, )
)
                 Defendants. )
)

## **ORDER**

Before the Court is defendants' Motion for Extension of Time, filed in the alternative to its Response in Opposition to Plaintiffs' Memorandum in Support of its Renewed Motion for Attorneys' Fees (Doc. 134), filed on September 28, 2011. On October 3, 2011,[1] the Tenth Circuit Court of Appeals issued an Order finding that plaintiffs are entitled to an award of reasonable fees and costs and remanding the case to the district court to determine the amount of reasonable fees and costs to which plaintiffs are entitled. The mandate was filed on October 11, 2011.

Given the Tenth Circuit's mandate, defendants' argument that plaintiffs are entitled to no award of attorneys' fees and expenses is foreclosed. Therefore, the Court considers defendants' alternative request, seeking permission to conduct discovery under D. Kan. Rule 54.2(f) and for an extension of time to respond to plaintiffs' memorandum until thirty days after discovery is complete. Under Rule 54.2(f), "[d]iscovery may not be conducted in connection with motions

---

[1] The Tenth Circuit's initial opinion was filed on August 9, 2011, holding that plaintiffs are "prevailing parties" within the meaning of 42 U.S.C. § 1988.

for attorney's fees unless the court permits upon motion and for good cause." In attempting to show good cause, plaintiffs raise several questions about the hours and rates submitted by plaintiffs in support of their fee application. The Court does not find that these questions amount to good cause to conduct discovery. All of defendants' questions are arguments that can be, and typically are, made in response to the fee application without resort to further discovery.[2] Plaintiffs have submitted their billing records and affidavits in support of their fee request and defendants may argue why those hours and/or rates claimed are unreasonable. Defendants do not indicate how further discovery would enable them to answer the questions posed in their brief.

Nonetheless, the Court acknowledges that the fees and expenses sought by plaintiffs are substantial and that the billing records are voluminous. Therefore, defendants may have an additional amount of time to respond to plaintiffs' memorandum up to and including November 23, 2011. Plaintiffs may file a reply memorandum within 21 days of service of the response. After the reply is filed, the Court will consider this matter under advisement.

**IT IS THEREFORE ORDERED BY THE COURT** that defendants' Motion for Extension of Time (Doc. 134) is granted in part and denied in part. Defendants' request for discovery is denied. Defendants shall respond to plaintiffs' memorandum in support of its motion for attorneys' fees and expenses no later than November 23, 2011. Plaintiffs may file a reply memorandum within 21 days of service of the response.

Dated: October 25, 2011

                                                           S/ Julie A. Robinson

---

[2] The Court does not suggest that defendants are not entitled to muster evidentiary support for their opposition to the fee request. It is customary for the nonmoving party to submit affidavits and other documentary support in opposing the reasonableness of a fee request.

JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE